UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROY DEPACK, **Plaintiff,** v. GREGORY CAPONEGRO, **Defendant.** | Civil Action No. 22-7596 (SDW-ESK) MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about December 30, 2022, Plaintiff Roy Depack, a pretrial detainee confined in Hudson County Jail in Kearny, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. With his complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 1-1). Plaintiff's IFP application is properly completed and establishes his financial eligibility to proceed without prepayment of the $350 filing fee. Therefore, Plaintiff's IFP application will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

1

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

    5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The sole defendant named in the complaint is Gregory Caponegro. (ECF No. 1). Plaintiff alleges that on July 20, 2022, while he was confined as a pretrial detainee in Hudson County Jail, he began to receive letters from Gregory Caponegro. In more than thirty letters, Mr. Caponegro used sexually harassing language, defamed Plaintiff's character, and threatened to make sure Plaintiff never gets out of jail. Mr. Caponegro falsely accused Plaintiff of robbing him. Plaintiff asserts that Mr. Caponegro violated his rights under the First and Fourteenth Amendments.

7. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). For example, a public employee "acting in his official capacity or while exercising his responsibilities pursuant to state law" is a state actor for § 1983 purposes. *Id.* at 50. The only information Plaintiff provided about Defendant Gregory Caponegro is that he is retired. (ECF No. 1 at 4). Plaintiff has not alleged any facts to establish that Gregory Caponegro is a state actor who may be liable under 42 U.S.C. § 1983. Therefore, Plaintiff has failed to state a claim under § 1983.

8. In conclusion, this Court will grant Plaintiff's IFP application but dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: January 4, 2023

Hon. Susan D. Wigenton,
United States District Judge