**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROY DEPACK, | Civil Action No. 22-7596 (SDW-ESK) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| GREGORY CAPONEGRO, | |
| Defendant. | |

**IT APPEARING THAT:**

1. On or about December 30, 2022, Plaintiff Roy Depack ("Plaintiff"), a pretrial detainee confined in Hudson County Jail in Kearny, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. By Order dated January 4, 2023, this Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a). (ECF No. 4).

3. Because Plaintiff was granted *in forma pauperis* status, this Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismissed the complaint for failure to state a claim and 42 U.S.C. § 1983, based on his failure to allege the defendant was a state actor. (ECF No. 3).

4. On January 11, 2023, Plaintiff filed an amended complaint (ECF No. 5) and a letter (ECF No. 5-1) requesting an explanation of federal court jurisdiction and/or rescission of the order granting his IFP application, which required his payment of the filing fee in installments, despite dismissal of the complaint.

1

5.   By statute, 28 U.S.C. § 1915(b)(1), a pro se prisoner who files a civil action and is granted permission to proceed without prepayment of the filing fee "shall be required to pay the full amount of the filing fee" in installments from his/her inmate trust account.   Under § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal-- (ii) fails to state a claim on which relief may be granted.   Therefore, this Court may not refund any filing fee payments.

6.   "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*[.]"   *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).   In general, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   42 U.S.C. § 1983 creates a federal cause of action for violation of a person's Constitutional rights by a state actor.   Alternatively, a plaintiff can assert federal court jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship between the plaintiff[s] and defendant[s].

7.   As with the original complaint, the sole defendant named in the amended complaint is Gregory Caponegro. (ECF No. 5).   Plaintiff alleges that beginning in July 2022, he began to receive many sexually harassing letters from Gregory Caponegro, who accused Plaintiff of being gay and of robbing him, and spread such lies to Plaintiffs' friends and business customers, to Plaintiff's great detriment.   Plaintiff alleges that Mr. Caponegro used the United States mail to violate his rights under the First and Fourteenth Amendments, but Plaintiff admits that Mr. Caponegro is not a state or federal actor.   For relief, Plaintiff seeks money damages.   Plaintiff further alleges state common law claims of harassment and defamation.

8.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  For example, a public employee "acting in his official capacity or while exercising his responsibilities pursuant to state law" is a state actor for § 1983 purposes.  *Id.* at 50. Plaintiff, however, concedes in his amended complaint that Mr. Caponegro is not a state or federal actor.  Therefore, Plaintiff has failed to state a claim under § 1983.

9.  Plaintiff also asserts federal jurisdiction based on Mr. Caponegro's alleged use of the U.S. Postal Service to violate his rights under the First and Fourteenth Amendments.  Mail fraud is governed 18 U.S.C. § 1341, but the statute does not create a private cause of action for damages. *Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases)).  Plaintiff also asserts federal subject matter jurisdiction because his claims arise under the First and Fourteenth Amendments.  "[M]ost rights secured by the Constitution are protected only against infringement by governments[.]'"  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Brothers* [*Inc. v. Brooks*], 436 U.S. [149], 156 [1978]).  The purpose of the Due Process Clause of the Fourteenth Amendment is to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).  Moreover, "[a]n individual does not have a protected [due process] interest in reputation alone."  *Hersh v. Rellahan*, 325 F. Supp. 3d 613, 616 (E.D. Pa. 2018) (citing *Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)).  Likewise, the Equal Protection Clause of the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful."  *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961)

(quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).  Therefore, Plaintiff fails to state a due process or equal protection claim against a private citizen under the Fourteenth Amendment.  Turning to the First Amendment, in the free speech context, it "applies only to governmental action" restricting speech.  *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986)).  Plaintiff does not allege governmental action restricting his speech.  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims under the federal question jurisdiction statute, 28 U.S.C. § 1331.

10.  Plaintiff, who is presently confined in Hudson County Jail in Kearney, New Jersey, asserts common law claims of sexual harassment and defamation against a private citizen.  Typically, these claims must be brought in the New Jersey state courts.  There is another avenue for federal court jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332, which Plaintiff has not asserted.  Federal diversity jurisdiction exists over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States…." 28 U.S.C. §1332(a).   "A party's citizenship is determined by her domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (quoting *McCann* [*v. Newman Irrevocable Trust*], 458 F.3d [281], 286 [3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).   A prisoner is presumed to be domiciled where he/she was domiciled before imprisonment.  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).   With respect to the amount in controversy requirement for federal diversity jurisdiction, if the plaintiff "who files the case originally in the Federal courts" is later "entitled to recover less than the sum or value of $75,000 … a district court may impose costs on the plaintiff."  28 U.S.C. § 1332(b).

4

11.  In conclusion, this Court will dismiss the amended complaint for lack of jurisdiction. If Plaintiff can assert a proper basis for federal court jurisdiction, he may file an amended complaint.

An appropriate order follows.

Dated:_____ May 22 ___, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge

5