**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROY DEPACK, | Civil Action No. 22-7596 (SDW-ESK) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| GREGORY CAPONEGRO, | |
| Defendant. | |

**IT APPEARING THAT:**

1.  On or about December 30, 2022, Plaintiff Roy Depack, a pretrial detainee presently confined in Essex County Jail in Newark, New Jersey, filed a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1).  Pursuant to 28 U.S.C. § 1915(a), this Court granted Plaintiff's IFP application but dismissed the complaint without prejudice for failure to state a claim.  (ECF Nos. 3, 4).

2.  Plaintiff filed an amended complaint on January 11, 2023.  (ECF No. 5).  By Order dated May 22, 2023, this Court dismissed Plaintiff's amended complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.  (ECF Nos. 6, 7).

3.  On June 6, 2023, Plaintiff filed a second amended complaint.  (ECF No. 8).  Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that

1

for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.   In his second amended complaint (ECF No. 8), Plaintiff names two defendants, Mr. Caponegro and Mr. Wilson Rodriguez.[1]  Plaintiff alleges these defendants conspired to violate his rights under the First, Fifth and Fourteenth Amendments.  In support of these claims, Plaintiff alleges, in pertinent part:

> On or around July 22, 2022, Mr. Caponegro conspire[d] with [F]ederal Postal Inspector Mr. Wilson Rodriguez to send me letters to harass me and to try to get me to send the [G]overnment [W]itness Mr. Caponegro letters back to try to get me a new charge because [F]ederal [P]ostal [I]nspector Mr. Rodriguez was not happy that [I] am not getting 9 years in federal prison on a charge that Mr. Rodriguez lock[ed] me up on.  In the letters that Mr. Caponegro wrote me he states he [is] going to get me more time in prison and Mr. Caponegro stated in the letters that [F]ederal [P]ostal [I]nspector Mr. Rodriguez is helping him do that, then around April 6, 2023, out of Springfield New Jersey [I] got a state charge of petty harassment now.

7.   In his second amended complaint, Plaintiff did not request specific relief.  In his original and amended complaints, Plaintiff sought $10,000,000 in damages from Mr. Caponegro.  (ECF Nos. 1, 5).

8.   Plaintiff appears to be alleging that a private individual, Mr. Caponegro, conspired with a federal actor, Mr. Rodriguez, to induce Plaintiff to respond to Mr. Caponegro's harassing letters in a manner that would support a petty harassment charge against Plaintiff in the State of New Jersey.  After allegedly inducing Plaintiff to respond to Mr. Caponegro's letters in a manner

---

[1] This Court takes judicial notice, pursuant to Federal Rule of Evidence 201(b), of the criminal complaint against Plaintiff brought by Mr. Rodriguez in his role as a federal postal inspector, *U.S. v. DePack,* 23cr229-WJM (D.N.J. Jan. 19, 2022) and an earlier civil action Plaintiff brought against Mr. Caponegro, *Depack v. Esmorado*, et al, 17cv7136-SDW-SCM (D.N.J. Sept. 15, 2017).

consistent with a petty harassment charge in the State of New Jersey, Defendants reported Plaintiff's conduct to a county prosecutor.  Plaintiff asserts Defendants were motivated by the fact that they believed Plaintiff's federal criminal sentence was too light.

9.  This Court construes the second amended complaint to allege a conspiracy claim under *Bivens*,[2] under the common law tort of abuse of process.  Under New Jersey law, "[a]n action for abuse of process lies against any person making an improper, illegal and perverted use of the legal procedure."  Baglini v. Lauletta, 717 A.2d 449, 452 (Law. Div. 1998) (citing *Tedards v. Auty*, 232 N.J. Super. 541, 557 A.2d 1030 (App. Div. 1989); *Ash v.. Cohn*, 194 A. 174 (E.&A. 1937)).  "The two essential elements of abuse of process are (1) ulterior-motive; and (2) some further act after issuance of process representing the perversion of the legitimate use of process.'"  *Id.* (citing *Tedards*, 557 A.2d 1030) (quoting *Gambocz v. Apel*, 245 A.2d 507 (App. Div.1968) *certif. denied,* 246 A.2d 447 (1968)); *Fleming v. UPS*, 604 A.2d 657 (Law Div.1992)).  Here, Plaintiff alleges an ulterior-motive, having Plaintiff serve a longer prison sentence because Defendants disagreed with the length of his federal sentence, but Plaintiff does not allege a "further act" that represents a perversion of the state court charge he is facing.  Alerting state authorities to an alleged state crime is not "a use of process." Plaintiff alleges the county prosecutor brought the charge.  Even if Mr.

---

[2] In the absence of a federal statute like 42 U.S.C. § 1983, which created a damages action for constitutional violations by state actors, plaintiffs have looked to the courts to create a damages remedy for violations of their rights by federal actors. In *Bivens,* the Supreme Court implied such a cause of action in the context of an alleged Fourth Amendment unreasonable  seizure. *Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) (discussing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)).  Recently in *Egbert*, the Supreme Court has determined that it is almost always more suitable for Congress, rather than the judiciary, to create a damages remedy. *Id.* Thus, in all but three contexts where the Supreme Court has already recognized an implied damages remedy, if there is "a single 'reason to pause before applying *Bivens* in a new context,'" a court may not recognize a *Bivens* remedy. *Id.* at 1803 (citing *Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020)).  There is likely a "single reason" to pause before creating a damages remedy under the unusual facts alleged here, but this Court need not reach the issue.

Rodriguez's referral of the matter to a county prosecutor could be construed as use of the legal process, for the tort of abuse of process, a "further act" must occur after the legitimate initiation of a prosecution.  Therefore, Plaintiff fails to state a claim, and the second amended complaint will be dismissed.  This is Plaintiff's third failed attempt to state a cognizable civil rights claim against Mr. Caponegro, a private individual.  This Court concludes that any further attempt to amend the complaint against these defendants based on Mr. Caponegro's letter to Plaintiff, and the initiation of state charges against Plaintiff would be futile.  Therefore, dismissal of the second amended complaint will be with prejudice.

9.  In conclusion, pursuant to 28 U.S.C. § 1915(e)(2)(B) and for the reasons stated above, the Court will dismiss the second amended complaint with prejudice for failure to state a claim,

An appropriate order follows.

Dated:_____June 29_____, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge